UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN EARL SCALLY,<br><br>    Petitioner,<br><br>    v.<br><br>LINDA PERSONS,<br><br>    Respondents. | No.  2:10-cv-3348 KJM DAD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a pretrial detainee pending criminal charges in state court and is proceeding pro se with an amended petition for writ of habeas corpus.  Pending before the court is respondent's motion to dismiss the pending petition pursuant to the decision in Younger v. Harris, 401 U.S. 37 (1971).  Petitioner has filed an opposition to the motion, and respondent has filed a reply.

**BACKGROUND**

On February 18, 2010, petitioner was charged with assault with a firearm, attempted second-degree murder, shooting at an inhabited dwelling or vehicle, being a felon or addict in possession of a firearm, and being a prohibited person owning ammunition.  (Am. Pet. (Doc. No. 25) at 94.)  On April 20, 2010, the Solano County Superior Court committed petitioner to Atascadero State Hospital ("ASH") for restoration of competence.  (Id.)  On December 22, 2010, ASH discharged him back to the Solano County Superior Court.  (Id.)  However, on February 15,

1

2011, the trial court re-committed petitioner to ASH, and on July 1, 2011, ASH again discharged petitioner back to the court.  (Id.)  Thereafter, it appears that the state trial court has re-committed petitioner to ASH twice more, but according to petitioner's most recent notice change of address filed with this court, ASH has discharged him once again because he is currently confined at the Solano County Jail.  (Notice of Change of Address (Doc. No. 48) filed Aug. 1, 2013.)

In his amended petition for writ of habeas corpus, petitioner claims that his constitutional rights have been violated by:  (1) unreasonable delay with arraignment procedures/speedy trial, (2) ineffective assistance of counsel; (3) unreasonable delay in his transfer to ASH, and (4) the state trial court's refusal to file his pro se motion to dismiss based on pre-arraignment delay.  (Am. Pet. (Doc. No. 25) at 5-6 & Attachs.)

## DISCUSSION

As an initial matter, the court notes that petitioner filed his petition in this court pursuant to 28 U.S.C. § 2254.  It is undisputed that petitioner is awaiting jury trial in state court on felony criminal charges.  A pretrial detainee is not a "person in custody pursuant to the judgment of a State court" within the meaning of § 2254(a).  However, this court has habeas corpus jurisdiction over these proceedings pursuant to 28 U.S.C. § 2241(c)(3) because petitioner alleges that his custody is "in violation of the Constitution or laws or treaties of the United States . . . ."  28 U.S.C. § 2241(c)(3); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003).

Turning to the merits of the pending motion to dismiss, counsel for respondent argues that the court should invoke the abstention doctrine and dismiss petitioner's amended habeas petition in light of his ongoing criminal proceedings in the Solano County Superior Court.  (Respt's' Mot. to Dismiss (Doc. No. 42) at 4.)  This court agrees.

Absent extraordinary circumstances, this court is barred from directly interfering with petitioner's ongoing criminal proceedings in state court.  See Younger v. Harris, 401 U.S. 37, 46 & 48-50 (1971); Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012) ("abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution."); Carden v. Montana, 626 F.2d 82, 84 (9th Cir. 1980) (exceptions to

the general rule of federal abstention arise only in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown.").

Younger abstention is appropriate when the following criteria are met: (1) state judicial proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity in state court to raise constitutional challenges. See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). This case meets the Younger abstention criteria. First, there is no dispute that petitioner's criminal proceedings are pending, and any relief granted here would interfere with those proceedings. Second, the ongoing criminal proceedings implicate important state interests. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Finally, petitioner has adequate opportunity in state court to raise constitutional challenges. See Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'"). Petitioner has already raised several of the same claims he has presented in his pending petition in state habeas petitions he has filed. (See Resp't's Mot. to Dismiss (Doc. No. 42), Exs. 1 & 2.) Although petitioner may not have succeeded with respect to those claims at this point in the state proceedings, that does not render the forum inadequate. See Baffert v. California Horse Racing Bd., 332 F.3d 613, 621 (9th Cir.2003) (Younger abstention appropriate because plaintiff's "lack of success [in state court] does not render the forum inadequate.")

Lastly, petitioner has failed to establish that any exception to the Younger abstention doctrine applies in this case. In this regard,

> If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for Younger

3

abstention are met.  See Gibson v. Berryhill, 411 U.S. 564, 578-79, 93 S. Ct. 1689, 36 L.Ed.2d 488 (1973) (holding that Younger abstention did not apply to a suit to enjoin a proceeding before an administrative board that had a pecuniary interest in the outcome); Partington v. Gedan, 961 F.2d 852, 861 (9th Cir.1992) (referring to the "'bad faith and harassment' exception" to Younger abstention).

Baffert, 332 F.3d at 621.  See also Dubinka v. Judges of the Superior Court, 23 F.3d 218, 225-26 (9th Cir. 1994) (federal court need not abstain in "extraordinary circumstances" such as when the state court proceedings are undertaken in bad faith or for purposes of harassment or are based upon a statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph[.]"));  Lebbos, 883 F.2d at 816.  Petitioner is seeking to have this court intervene in an ongoing state criminal prosecution – precisely the type of circumstance to which Younger abstention was intended to apply.  Petitioner has failed to establish that any of the above noted exceptions to that doctrine apply in his case.

For all of the foregoing reasons, respondent's motion to dismiss should be granted.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Doc. No. 42) be granted;

2. Petitioner's amended petition for writ of habeas corpus (Doc. No. 25) be dismissed without prejudice;

3. All other pending motions, including petitioner's motion for an "ex parte trial and right to dismissal" (Doc. No. 44), be denied as moot; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised

/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated:  October 28, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
scal3348.157